IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL S. WEINBERGER, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> ANTHEM, INC., d/b/a Anthem Health, Inc., an Indiana corporation, THE ANTHEM COMPANIES, INC., an Indiana corporation, ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY, a California corporation, and DOES 1-10, <br><br> Defendants. | CASE NO. 1:15-cv-201 <br><br> **JURY TRIAL DEMANDED** <br><br> Judge _____ |

## CLASS ACTION COMPLAINT

Michael S. Weinberger, on behalf of himself and all others similarly situated, by his attorneys, makes the following allegations and claims for his complaint against Anthem, Inc., d/b/a Anthem Health, Inc., The Anthem Companies, Inc., Anthem Blue Cross Life and Health Insurance Company and Does 1-10 (collectively "Anthem"). The following allegations are made upon information and belief, except as to allegations specifically pertaining to Plaintiff, which are made upon knowledge.

### NATURE OF THE ACTION

1. This is a consumer class action brought on behalf of Plaintiff, individually and on behalf of all those similarly situated, and against Anthem, to recover for Anthem's failure to secure Plaintiff's and class members' medical records containing sensitive and confidential medical information, as well as personally identifiable information such as names, dates of birth, billing information and social security numbers ("PII"). Anthem announced the breach of its data base on or about February 4, 2014.

## PARTIES

2. Plaintiff Michael S. Weinberger is an individual residing in Vienna, Virginia.

3. Defendant Anthem, Inc. is an Indiana corporation with its headquarters in Indianapolis, Indiana.

4. Defendant Anthem Blue Cross Life and Health Insurance Company is a California corporation with its headquarters in Indianapolis, Indiana.

5. The true names and capacities of Does 1-10 are unknown. Plaintiff is informed and believes that each of the Defendants named herein as a Doe is legally responsible for the events referred to in this Complaint and proximately caused the damages to plaintiff and the proposed class members. Plaintiff will seek leave of Court to amend this Complaint to insert the true names and capacities of the fictitiously named defendants which such have been ascertained.

## JURISDICTION AND VENUE

6. This Court has diversity jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). Plaintiff's claims and the claims of the other members of the class exceed $5,000,000.00, and at least one class member is a citizen of a state other than Indiana.

7. This Court has personal jurisdiction over Anthem because Anthem, Inc. is an Indiana corporation and both Anthem, Inc. and Anthem Blue Cross Life and Health Insurance Company are headquartered in Indianapolis, Indiana.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) because Anthem's principal place of business is in this District and a substantial part of the events, acts, and omissions giving rise to Plaintiffs' claims occurred in this District.

## COMMON FACTUAL ALLEGATIONS

9. Anthem is one of the largest for-profit managed health care companies in the United States.

10. Plaintiff has health insurance issued by Anthem, and thus Anthem required Plaintiff to provide confidential health information and PII to Anthem

11. Anthem claims that on or about January 29, 2015, it discovered a massive data breach that compromised the confidential health information and PII of approximately 80 million insureds.

12. News of the data breach was first published by the Wall Street Journal.

13. Anthem also confirmed to various media outlets that the data breach was noticed as early as January 27, 2015.

14. The breach involves the theft of information stored on various computers and data storage devices, and according to Anthem involves tens of millions of records. Upon information and belief, Anthem did not encrypt the PII in its possession, including Social Security numbers and birth dates.

15. The information stolen from Anthem, including Plaintiff's and Class members' PII, is extremely valuable to thieves. As the FTC recognizes, once identity thieves have personal information, "they can drain your bank account, run up your credit cards, open new utility accounts, or get medical treatment on your health insurance."

16. PII such as that stolen in the Anthem data breach is highly coveted by and a frequent target of hackers. Legitimate organizations and the criminal underground alike recognize the value of such data. Otherwise, they would not pay for or maintain it, or aggressively seek it. Criminals seek personal and financial information of consumers because they can use biographical data to perpetuate more and larger thefts.

17. The ramifications of Anthem's failure to keep Plaintiff's and class members' personal and financial information secure are severe. Identity thieves can use PII such as that pertaining to Plaintiff and the class members, which Anthem failed to keep secure, to perpetuate a variety of crimes that harm the victims. For instance, identity thieves may commit various

types of crimes such as immigration fraud, obtaining a driver's license or identification card in the victim's name but with another's picture, using the victim's information to obtain government benefits, or filing a fraudulent tax return using the victim's information to obtain a fraudulent refund. The United States government and privacy experts acknowledge that it may take years for identity theft to come to light and be detected.

18. In addition, identity thieves may get medical services using Plaintiff's confidential health information and PII, or commit any number of frauds, such as obtaining a job or procuring housing.

19. The data breach at issue in this case occurred despite the fact that Anthem was on notice of its security problems. In 2012, Anthem settled a lawsuit brought by the Attorney General of California over a security breach that occurred when approximately 33,000 letters were sent to customers with the customers' social security numbers visible through the envelopes. Anthem also agreed to pay $1.7 million to resolve federal allegations that it exposed the confidential health information of over 600,000 people. Federal officials determined that Anthem's security safeguards were inadequate in an online application database, leaving confidential health information and PII accessible to being hacked. Anthem has apparently failed to correct its security deficiencies, resulting in the current breach.

20. Plaintiff and the class members had a reasonable expectation that their confidential health information and PII would remain private and confidential. As a result of Anthem's deficient practices, Plaintiff and the class members have been damaged, and have lost or are subject to losing money and property as a result of Anthem's substandard security practices.

**PLAINTIFF'S FACTUAL ALLEGATIONS**

21. Plaintiff Weinberger had insurance with Anthem through his employment with Federal Network Systems, LLC, a subsidiary of Verizon Communications, Inc., from

4

approximately June 2008 through June 2014. Plaintiff did not receive notice of the breach and learned of it through the media.

22. Plaintiff's confidential health information and PII was compromised in and as a result of the Anthem data breach. Plaintiff was harmed by having his financial and personal information compromised and faces the imminent and certainly impending threat of future additional harm from the increased threat of identity theft and fraud due to his financial and personal information being sold on the Internet black market and/or misused by criminals.

## CLASS ACTION ALLEGATIONS

23. Plaintiff brings this action on behalf of himself and all others similarly situated pursuant to Fed. R. Civ. P. 23. Plaintiff seeks to represent a class (the "Class") described as follows:

> All individuals and entities in the United States whose personal and confidential health information and/or personal identification information was compromised as a result of the Anthem data breach announced on February 4, 2014.

24. The members of the Class are so numerous that the joinder of all members is impractical. While the exact numbers of Class members is unknown to Plaintiff at this time, it is believed to be in the millions.

25. There is a well-defined community of interest among the members of the Class because common questions of law and fact predominate. Plaintiff's claims are also typical of members of the Class and Plaintiff can fairly and adequately represent the interests of the Class.

26. This action satisfies the requirements of Fed. R. Civ. P. 23(b)(3) because it involves questions of law and fact common to the members of the Class that predominate over any questions affecting only individual members, including but not limited to:

(a) Whether Anthem unlawfully used, maintained or disclosed Class members' confidential health information and PII;

(b) Whether Anthem unreasonably delayed notifying affected customers of the data breach;

(c) Whether Anthem failed to implement and maintain reasonable security procedures and practices appropriate to the sensitive nature of the information compromised in the data breach, including but not limited to Anthem's failure to encrypt the sensitive and confidential information;

(d) Whether Anthem's conduct was negligent and/or grossly negligent;

(e) Whether Anthem's conduct was reckless;

(f) Whether Anthem acted willfully and/or with oppression, fraud or malice;

(g) Whether Anthem's conduct constitutes breach of contract;

(h) Whether Plaintiff and the Class are entitled to damages, civil penalties, punitive damages and/or equitable and injunctive relief.

27. Plaintiff's claims are typical of those of other Class members because Plaintiff's confidential health information and PII, like that of every Class member, was disclosed by Anthem.

28. Plaintiff will fairly and adequately represent and protect the interests of the Class.

29. Plaintiff's counsel is competent and experienced in class action litigation.

30. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class members is not practicable, and questions of law and fact common to the proposed Class predominate over any questions affecting only individual members of the proposed Class.

31. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for Anthem and would lead to repetitive adjudication of common questions of law and fact.

32. Damages for any individual Class member are likely insufficient to justify the cost of individual litigation, so that in the absence of class certification, Anthem's violations of the law would go unremedied and Anthem will retain the benefits of its wrongdoing.

33. Class certification, therefore, is appropriate under Fed. R. Civ. P. 23(a) and (b)(3). The above common questions of law or fact predominate over any questions affecting individual members of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

34. Class certification is also appropriate under Fed. R. Civ. P. 23(a) and (b)(2), because Anthem has acted or has refused to act on grounds generally applicable to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate as to the Class as a whole.

## COUNT I
### Negligence

35. Plaintiff realleges and incorporates by reference every allegation set forth in the preceding paragraphs as though alleged in this Count.

36. Anthem came into possession, custody, and/or control of confidential health information and/or PII of Plaintiff and Class members.

37. Anthem owed a duty to Plaintiff and Class members to exercise reasonable care in safeguarding and securing the confidential health information and/or PII of Plaintiff and Class members in its possession, custody, and/or control.

38. Anthem had a duty to exercise reasonable care in implementing and maintaining reasonable procedures and practices appropriate for maintaining the safety and security of Plaintiff and Class members' confidential health information and/or PII in its possession, custody, and/or control.

39. Anthem had a duty to exercise reasonable care in timely notifying Plaintiff and Class members of an unauthorized disclosure of Plaintiff and Class members' confidential health information and/or PII in its possession, custody, and/or control.

40. Anthem, through its actions and/or omissions, unlawfully breached its duty to Plaintiff and Class members by failing to exercise reasonable care in safeguarding and securing the confidential health information and/or PII of Plaintiff and Class members in its possession, custody, and/or control.

41. Anthem, through its actions and/or omissions, unlawfully breached its duty to Plaintiff and Class members by failing to exercise reasonable care in implementing and maintaining reasonable procedures and practices appropriate for maintaining the safety and security of Plaintiff and Class members' confidential heath information and/or PII in its possession, custody, and/or control.

42. Anthem, through its actions and/or omissions, unlawfully breached its duty to Plaintiff and Class members by failing to exercise reasonable care in timely notifying Plaintiff and Class members of an unauthorized disclosure of Plaintiff and Class members' confidential heath information and/or PII in its possession, custody, and/or control.

43. Anthem's negligent and wrongful breach of duties it owed to Plaintiff and Class members proximately caused an unauthorized disclosure of Plaintiff and Class members' confidential health information and/or PII in its possession, custody, and/or control.

44. As a direct and proximate result of Anthem's negligent conduct, Plaintiff and the Class have suffered injury and are entitled to damages in an amount to be proven at trial.

## COUNT II
**Breach of Contract**

45. Plaintiff realleges and incorporates by reference every allegation set forth in the preceding paragraphs as though alleged in this Count.

46. Plaintiffs and the Class members relied upon Anthem's representations regarding privacy and security before purchasing health services and products.

47. By entering into agreements with Plaintiff and Class members, Anthem imposed upon itself an obligation to use reasonable and industry-standard security practices and procedures to protect Plaintiff's and Class members' data and personal information.

48. Plaintiff and the Class members performed their obligations.

49. Plaintiff and the Class members paid for, but never received, the security protections to which they were entitled.

50. As a direct and proximate result of Anthem's negligent conduct, Plaintiff and the Class have suffered injury and are entitled to damages in an amount to be proven at trial.

## COUNT III
### Bailment

51. Plaintiff realleges and incorporates by reference every allegation set forth in the preceding paragraphs as though alleged in this Count.

52. Plaintiff and Class members delivered and entrusted their confidential health information and PII to Anthem for the sole purpose of receiving services from Anthem.

53. In delivering their confidential health information and/or PII to Anthem, Plaintiff and Class members intended and understood that Anthem would adequately safeguard their personal and financial information.

54. Anthem accepted possession of Plaintiff's and Class members' confidential health information and PII. By accepting possession, Anthem understood that Plaintiff and Class members expected Anthem to adequately safeguard their personal and financial information. Accordingly, a bailment was established for the mutual benefit of the parties.

55. During the bailment, Anthem owed a duty to Plaintiff and Class members to exercise reasonable care, diligence and prudence in protecting their confidential health information and/or PII.

56. Anthem breached its duty of care by failing to take appropriate measures to safeguard and protect Plaintiff's and Class members' confidential health information and/or PII, resulting in the unlawful and unauthorized access to and misuse of such information.

57. Anthem further breached its duty to safeguard Plaintiff's and Class members' confidential health information and/or PII by failing to timely and accurately notify them that their information had been compromised.

58. As a direct and proximate result of Anthem's breach of its duty, Plaintiff and Class members suffered consequential damages that were reasonably foreseeable to Anthem, including but not limited to the damages set forth above.

## COUNT IV
## Unjust Enrichment

59. Plaintiff realleges and incorporates by reference every allegation set forth in the preceding paragraphs as though alleged in this Count.

60. Plaintiff and Class members conferred a monetary benefit on Anthem in the form of monies paid for the purchase of health services from Anthem during the period of the data breach.

61. Anthem appreciates or has knowledge of the benefits conferred directly upon it by Plaintiff and members of the Class.

62. The monies paid for the purchase of health services by Plaintiff and members of the Class to Anthem during the period of the data breach were supposed to be used by Anthem, in part, to pay for the administrative and other costs of providing reasonable data security and protection to Plaintiff and members of the Class.

63. Anthem failed to provide reasonable security, safeguards and protection to the confidential health information and/or PII of Plaintiff and Class members and as a result, Plaintiff and Class members overpaid Anthem for the services purchased.

64. Under principles of equity and good conscience, Anthem should not be permitted to retain the money belonging to Plaintiff and members of the Class, because Anthem failed to provide adequate safeguards and security measures to protect Plaintiff's and Class members' confidential heath information and PII that they paid for but did not receive.

65. Plaintiff and the Class have conferred directly upon Anthem an economic benefit in the nature of monies received and profits resulting from sales and unlawful overcharges to the economic detriment of Plaintiff and the Class members.

66. The economic benefit, including the monies paid and the overcharges and profits derived by Anthem and paid by Plaintiff and members of the Class, is a direct and proximate result of Anthem's unlawful practices as set forth in this Complaint.

67. The financial benefits derived by Anthem rightfully belong to Plaintiff and members of the Class.

68. A constructive trust should be imposed upon all unlawful or inequitable sums received by Anthem traceable to Plaintiff and the Class.

69. Plaintiff and the Class have no adequate remedy at law.

## COUNT V
### Violation of Virginia Data Breach Statutes
### Va. Code §§ 32.1-127.1:05 and 18.2-186.6
### (Virginia Residents)

70. Plaintiff realleges and incorporates by reference every allegation set forth in the preceding paragraphs as though alleged in this Count.

71. The data breach constituted a "breach of the security of the system" within the meaning of Va. Code §§ 32.1-127.1:05 and 18.2-186.6.

72. Anthem negligently and recklessly failed to provide reasonable and adequate security measures. Anthem also unreasonably delayed informing the Plaintiff and Class members about the security breach of plaintiff's and Class members' confidential health information and PII after Anthem knew the data breach had occurred.

73. As a Result of Anthem's conduct, Plaintiff and the Class members will incur economic damages related to the expenses for credit monitoring and the loss associated with paying for health services they believed were purchased through secure transactions. Plaintiff and the Class members would not have purchased the health services had they known that their PII would be compromised.

74. As a direct and proximate result of Anthem's breach of its duty, Plaintiff and Class members suffered consequential damages that were reasonably foreseeable to Anthem and which they are entitled to recover.

## PRAYER FOR RELIEF

On behalf of himself and the Class set forth, Plaintiff requests the Court order relief and enter judgment against Defendant and enter an order:

A. certifying this case as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3), and, pursuant to Fed. R. Civ. P. 23(g), appoint the named Plaintiff to be Class representative and his undersigned counsel to be Class counsel;

B. requiring Anthem to make whole any losses suffered by Plaintiff and Class members;

C. enjoining Anthem from further engaging in the unlawful conduct complained of herein;

D. awarding Plaintiffs and the Classes appropriate relief, including actual and statutory damages, restitution and disgorgement;

E. awarding pre-judgment and post-judgment interest;

F.	requiring Defendant to pay for notifying the Class of the pendency of this action

G.	requiring Defendant to pay Plaintiff and Class members reasonable attorneys' fees, expenses, prejudgment interest and the costs of this action; and

I.	providing all other and further relief as this Court deems necessary, just, and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all issues so triable.

Dated: February 10, 2015			Respectfully submitted,


			/s/ Danyel Struble
			Danyel Struble, E#30102-18
			THE CROSS LAW FIRM, P.C.
			Historic Riley-Jones House
			315 East Charles Street
			Muncie, IN 47305
			Telephone: (765) 747-1953
			Facsimile: (765) 747-1991
			dstruble@thecrosslawfirm.com

			William B. Federman
			[Pro hac application to be filed]
			FEDERMAN & SHERWOOD
			10205 N. Pennsylvania Avenue
			Oklahoma City, OK 73120
			Telephone:  (405) 235-1560
			Facsimile:  (405) 239-2112
			wbf@federmanlaw.com
				-and-
			2926 Maple Ave., Suite 200
			Dallas, TX  75201

			*Attorneys for Plaintiff*